1  **JOHN M. HAMILTON (State Bar No. 155381)**
   **HAMILTON LAW OFFICES**
2  5757 W. Century Blvd., Suite 700
   Los Angeles, CA 90045
3  Phone: (424) 419-4028
   Facsimile: (424) 419-4002
4  Email: jm_hamilton15@yahoo.com

Attorneys for defendant Yuri Vanetik

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEL FUKS, an individual, | CASE NO.: 8:19-cv-1212- JVS (JDEx) |
| Plaintiff, | **DEFENDANT YURI VANETIK'S ANSWER TO COMPLAINT** |
| vs. | |
| YURI VANETIK, an individual, | **DEMAND FOR JURY TRIAL** |
| Defendants. | **(F.R.Civ. Pro. Rule 38)** |

Defendant Yuri Vanetik ("Defendant"), for himself alone, hereby files his answer to the complaint ("Complaint") filed herein by plaintiff Pavel Fuks ("Plaintiff"), as follows:

## ANSWER TO COMPLAINT

1. Answering the allegations contained in paragraphs 1, 2, and 3 of the Complaint, Defendant denies same.

2. Answering the allegations contained in paragraphs 4, 5, 6 and 7 of the Complaint, Defendant has no information or belief sufficient to enable him to answer such allegations and, on such grounds, denies same.

3. Answering the allegations contained in paragraphs 8 and 9 of the Complaint, Defendant admits same.

4. Answering the allegations contained in paragraph 10 of the Complaint, Defendant denies same.

5. Answering the allegations contained in paragraphs 11, 12, and 13 of the Complaint, Defendant has no information or belief sufficient to enable him to answer such allegations and, on such grounds, denies same.

6. Answering the allegations contained in paragraphs 14 of the Complaint, Defendant admits same.

7. Answering the allegations contained in paragraphs 15, 16, 17, 18, 19, 20, 21, 22, and 23 of the Complaint, Defendant denies same.

8. Answering the allegations contained in paragraph 24 of the Complaint, Defendant admits he sent Plaintiff a contract and invoice from Odyssey Management LLC and asked him to pay the invoice. As to the remaining allegations, Defendant denies same.

9. Answering the allegations contained in paragraphs 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, and 44 of the Complaint, Defendant denies same.

10. Answering the allegations contained in paragraph 45 of the Complaint, Defendant has no information or belief sufficient to enable him to answer such allegations and, on such grounds, denies same.

11. Answering the allegations contained in paragraphs 46, 47, 48, 49, 50, 51, 52, 53, and 54 of the Complaint, Defendant denies same.

12. Answering the allegations in paragraph 55 of the Complaint, Defendant admits that he used Medowood Management, LLC for a FARA filing with the United States and identified himself as an advisor to the same. As to the remaining allegations, Defendant denies same.

13. Answering the allegations contained in paragraphs 56, 57, 58, 59, 60, 61, 62, 63 and 64 of the Complaint, Defendant denies same.

14. Answering the allegations contained in paragraph 65 of the Complaint, Defendant admits that F & M Trust filed a lawsuit against him in California for breach of written and oral contract and fraud. As to the remaining allegations, Defendant denies same.

15. Answering the allegations contained in paragraphs 66 and 67 of the Complaint, Defendant admits same.

16. Answering the allegations contained in paragraph 68 of the Complaint, Defendant denies same.

17. Answering the allegations contained in paragraph 69 of the Complaint, Defendant admits same.

18. Answering the allegations contained in paragraph 70, 71, 72, and 73 of the Complaint, Defendant has no information or belief sufficient to enable him to answer such allegations and, on such grounds, denies same.

19. Answering the allegations contained in paragraph 74, defendant denies same.

20. Answering the allegations contained in paragraph 75 of the Complaint, Defendant realleges his responses contained in paragraphs 1 through 19 herein, inclusive.

21. Answering the allegations contained in paragraphs 76, 77, 78, 79, 80, 81, and 82 of the Complaint, Defendant denies same.

22. Answering the allegations contained in paragraph 83 of the Complaint, Defendant realleges his responses contained in paragraphs 1 through 21 herein, inclusive.

23. Answering the allegations contained in paragraphs 84, 85, 86, 87, 88, and 89 of the Complaint, Defendant denies same.

24. Answering the allegations contained in paragraph 90 of the Complaint, Defendant realleges his responses contained in paragraphs 1 through 23 herein, inclusive.

25. Answering the allegations contained in paragraphs 91, 92, 93, and 94 of the Complaint, Defendant denies same.

26. Answering the allegations contained in paragraph 95 of the Complaint, Defendant realleges his responses contained in paragraphs 1 through 25 herein, inclusive.

27. Answering the allegations contained in paragraphs 96, 97, 98, and 99 of the Complaint, Defendant denies same.

28. Answering the allegations contained in paragraph 100 of the Complaint, Defendant realleges his responses contained in paragraphs 1 through 27 herein, inclusive.

29. Answering the allegations contained in paragraphs 101, 102, 103, 104 and 105 of the Complaint, Defendant denies same.

30. Answering the allegations contained in paragraph 106 of the Complaint, Defendant realleges his responses contained in paragraphs 1 through 29 herein, inclusive.

31. Answering the allegations in paragraphs 107, 108, 109, 110, 111, and 112 of the Complaint, Defendant denies same.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State Claim for Relief)

32. The Complaint and each and every claim therein, fails to state a claim upon which relief may be granted. The requisite elements for the claim are not present and/or have not been properly pled.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

33. The plaintiff's claim should be barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

34. The plaintiff unreasonably delayed in filing the instant action, and thus Plaintiff's claim should be barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Superseding Cause)

35. Defendant alleges that the conduct of persons and/or entities other than Defendant was a superseding or intervening cause of any damage, loss or injury allegedly sustained by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

36. Plaintiff's claims are barred by the doctrine of estoppel

## SIXTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

37. Plaintiff's claims are barred by the applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE
### (Preemption)

38. Plaintiff's state law claims are preempted by federal law.

## EIGHTH AFFIRMATIVE DEFENSE
### (Consent)

39. Plaintiff consented to the Defendant's alleged conduct.

## NINTH AFFIRMATIVE DEFENSE
### (Non-entitlement to Punitive Damages)

40. The Complaint, and each claim contained therein, fails to allege facts sufficient to recover punitive damages.

## TENTH AFFIRMATIVE DEFENSE
### (Not Material)

41. Defendant alleges that he is not liable to Plaintiff because any alleged misrepresentations or omissions for which he is allegedly responsible were not material. Defendant did not make any misrepresentations.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Damages Uncertain)

42. Defendant alleges that Plaintiff's claimed damages, if any, are so speculative and uncertain as to deny Plaintiff any recovery.

## TWELFTH AFFIRMATIVE DEFENSE
### (Release)

43. Defendant alleges that Plaintiff has engaged in conduct and activities sufficient to constitute a release of any alleged breach of duty, or other conduct, if any, and has thereby waived and relinquished any right to recovery sought in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

44. Any alleged conduct by Defendant complained of by Plaintiff was, and is, undertaken in good faith for legitimate business reasons.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

45. Plaintiff has failed to mitigate any damages he purports to have suffered.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

46. Plaintiff's complaint is barred in whole or in part by his own acquiescence.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Reasonable Reliance)

47. Defendant alleges that he is not liable to Plaintiff because any alleged misrepresentations or omissions the Plaintiff did not reasonably rely upon.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Standing)

48. Defendant is informed and believes and thereupon alleges that Plaintiff lacks standing to assert the claims alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Undiscovered Defenses)

49. Defendant has insufficient knowledge or information upon which to form a belief as to whether additional defenses are available. Defendant reserves the right to assert any further or additional defenses upon receiving more complete information regarding the matters alleged in the Complaint, through discovery or otherwise.

## PRAYER

**WHEREFORE,** Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by the Complaint, and that the same be dismissed in its entirety with prejudice;
2. For Defendant's attorneys' fees incurred herein;
3. For Defendant's cost of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

DATED: October 9, 2019         Respectfully submitted,

                                                HAMILTON LAW OFFICES

                                                /s/John M. Hamilton
                                                John M. Hamilton
                                                Attorneys for Defendant Yuri Vanetik

## **DEMAND FOR JURY TRIAL**

Defendant, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury of all issues so triable in the present action.

DATED: October 9, 2019                HAMILTON LAW OFFICES


/s/John M. Hamilton
John M. Hamilton
Attorneys for Defendant Yuri Vanetik