JAE K. PARK (Bar No. 234474)
jae.park@dentons.com
DENTONS US LLP
601 S Figueroa St., Suite 2500
Los Angeles, CA 90017
Tel: (213) 623-9300
Fax: (213) 623-9924

WILLIAM T. O'BRIEN (*pro hac vice* pending)
william.obrien@dentons.com
JOHN W. LOMAS, JR. (*pro hac vice* pending)
john.lomas@dentons.com
1900 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 496-7500
Facsimile: (202) 496-7756

Attorneys for Plaintiff
PAVEL FUKS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEL FUKS, an individual, | Case No. 8:19-CV-01212-JVS (JDEx) |
| Plaintiff, | Hon. James V. Selna |
| v. | **JOINT RULE 26(F) Report** |
| YURI VANETIK, an individual, | **Scheduling Conference** |
| Defendant. | **Date:      October 21, 2019**<br>**Time:      11:30 a.m.**<br>**Ctrm.:     10C** |
| | Complaint Filed:  6/18/19 |

Pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1, and this Court's June 21, 2019 Order (Doc. 11) the parties to this action, Plaintiff Pavel Fuks and Defendant Yuri Vanetik hereby submit this Joint 26(f) Report.

/ / /

- 1 -                                JOINT RULE 26(F) REPORT

I.     **Synopsis**

This is an action for fraud and related and alternative claims, and specifically for (1) promissory fraud, (2) intentional misrepresentation, (3) breach of contract, (4) conversion, (5) unjust enrichment, and (6) violation of Section 17200 et seq. of the California Business & Professional Code.  Plaintiff Pavel Fuks alleges that Defendant Yuri Vanetik defrauded Plaintiff Pavel Fuks out of $200,000 by promising that he could obtain for Fuks a "VIP" package for the 2017 US presidential inauguration that included prime seating, tickets to exclusive inaugural balls, and access to other special events, but then failing to deliver the promised package.

Defendant Yuri Vanetik denies Plaintiff Pavel Fuks' allegations and his claim for damages, and alleges that Plaintiff asked Defendant for assistance in attending inaugural events, and that in response Defendant referred Plaintiff to a government relations firm, which arranged a program of events for Fuks. Defendant alleges that he never made any misrepresentations to Plaintiff. Defendant has asserted the following affirmative defenses: (a) the complaint fails to state a claim upon which relief may be granted: (b) the claim is barred by the doctrine of unclean hands; (c) the plaintiff unreasonably delayed in filing the action; (d) the conduct of other persons or entities caused any of plaintiff's alleged damages; (e) the plaintiff's claims are barred by the doctrine of estoppel; (f) the plaintiff's claims are barred by the applicable statutes of limitations; (g) the plaintiff's state law claims are preempted by federal law; (h) the plaintiff consented to any alleged conduct; (i) the complaint fails to allege facts sufficient to recover punitive damages; (j) the defendant did not make any misrepresentations to the plaintiff; (k)the plaintiff's damages are uncertain; (l) the plaintiff has engaged in conduct that releases defendant; (m) the defendant conduct was in good faith; (n) the plaintiff has failed to mitigate his damages; (o) the plaintiff's complaint is barred by his own acquiescence; (p) the plaintiff did not reasonably rely on the defendant's conduct;

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

JOINT RULE 26(F) REPORT

(q) the plaintiff lacks standing to assert his claims; and (r) the defendant reserves his right to allege additional defenses.

## II.    Legal Issues

At this time, Plaintiff does not believe there are any key legal issues.

## III.    Damages

Plaintiff asserts that the realistic range of provable damages (not including punitive damages, attorneys' fees, costs, expenses, and pre- and post-judgment interest) is $200,000 to $300,000, and includes the amount Plaintiff paid for that which he did not receive, and foreseeable expenses Plaintiff incurred (i) preparing to enjoy what he was promised, (ii) making alternative arrangements after not receiving what was promised, and (iii) seeking a refund of the purchase price.

## IV.    Insurance

Plaintiff is not aware of any insurance coverage related to this matter. Defendant does not have any insurance that would be triggered by this case.

## V.    Motions

Plaintiff does not presently anticipate motions to (i) add other parties or claims, (ii) file amended pleadings, or (iii) transfer venue, but reserves the right to move to amend to add other parties or claims in response to arguments made by Defendant or should information learned in discovery warrant it.

Defendant anticipates that he will file a motion for the plaintiff to post a bond in this matter, since Fuks claims he is unable to enter the United States and has no assets in the country.

## VI.    Discovery and Experts

Subject Matter of Discovery:

Plaintiff asserts that it needs and intends to seek discovery concerning (1) Defendant's basis for the representations he made to Plaintiff (i) concerning the promised inaugural event package, (ii) to induce Plaintiff to purchase the promised inaugural event package, (iii) to explain why Plaintiff did not delivery the promised

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

package, (iv) to explain why Plaintiff could not provide a refund to Defendant; and (v) to threaten Defendant; (2) what Defendant did with Plaintiff's money; (3) what Defendant did in response to Plaintiff's requests for a refund; (4) any other individuals and entities whom Defendant used or with whom Defendant was involved to induce Plaintiff to purchase an inaugural package, not deliver the promised inaugural package, avoid providing a refund to Plaintiff, and retaliate against Plaintiff for seeking a refund; (5) the availability of Defendant assets to satisfy a judgment; and (6) the affirmative defenses that Defendant asserts in his Answer.

At this time, Plaintiff expects to take two to five depositions, but that expectation could change upward or downward based on information learned through discovery and the purported bases for Defendant's affirmative defenses.

Plaintiff reserves the right to seek additional discovery in connection with the claims and defenses in this case as provided by Federal Rule of Civil Procedure 26(b).

Defendant asserts that he needs and intends to seek discovery concerning, inter alia, (1) Plaintiff's knowledge that he would not be meeting President Trump or attending official inaugural events; (2) threats the Plaintiff made at and subsequent to his visit to Washington DC; and (3) the basis for Plaintiff's claims.

The defendant anticipates that discovery will be needed on all claims and defenses raised by the respective pleadings consistent with the scope of allowable discovery set forth in FRCP 26(b). Defendant believes he will need to take eight to ten depositions.

<u>Timing of Discovery</u>:  The parties agree to exchange the Initial Disclosures required by FED. R. CIV. P. 26(a)(1) on or before October 18, 2019.  The parties agree that all fact discovery should be conducted concurrently, not in phases. The Parties will propound discovery as each deems appropriate.  The parties have agreed to cooperate in the scheduling of discovery.

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

JOINT RULE 26(F) REPORT

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

1   Limitations on Discovery: The parties agree that all written discovery shall

2   be conducted in accordance with the FEDERAL RULES OF CIVIL PROCEDURE

3   and LOCAL RULES.  The Parties further agree that (1) each party will bear its own

4   for the production of documents under FED. R. CIV. P. 34 and in response to any

5   subpoena; (2) depositions will be taken in accordance with FED. R. CIV. P. 30;

6   (3) that each party can propound a maximum of thirty (30) written interrogatories;

7   (4) to act reasonably in attempting to informally resolve discovery issues that may

8   arise; and (5) that discovery pleadings, including discovery requests, responses, and

9   documents be served by electronic service.

10   Expert Discovery: At this time, the parties do not contemplate the need for

11   expert witnesses.

12   **VI.   Dispositive Motions**

13   Plaintiff believes that Defendant will be unable to genuinely dispute the

14   material facts and thus believes that Defendant's liability on one or more of the

15   asserted claims may be determined by motion for summary judgment.

16   Defendant believes that there is a possibility that he will file a motion for

17   summary judgment.

18   **VII.   Settlement and Settlement Mechanism**

19   Counsel for the parties briefly discussed what the Plaintiff is generally

20   seeking, but did not exchange any settlement proposals.

21   Pursuant to LOCAL RULE 16-15, the Parties select to participate in

22   Settlement Procedure No. 2—an appearance before a neutral selected from the

23   Court's Mediation Panel—and believe any such mediation would be most

24   productive if scheduled at some point after the parties at least exchange documents

25   and other written discovery.

26   **VIII.   Trial Estimate**

27   The parties estimate that trial could take up to  four days given potential

28   translation needs. All parties have requested a jury trial. The parties respectfully

request a trial date of October 13, 2020.

**IX.    Timetable**

See the attached Exhibit A.

**X.    Other Issues**

Plaintiff is not a native English speaker and may need to testify in another language.

A travel restriction that is presently in place may prevent Plaintiff from securing a visa to come to the United States for deposition and trial. Subject to the parties not waiving any rights or arguments at this time, the parties intend to discuss and consider an alternative location or arrangements for a deposition should it be necessary, and to discuss and consider arrangements for remote trial testimony should it be necessary.

If a party believes it needs discovery from an individual or entity in a foreign jurisdiction (other than the Plaintiff), the parties agree to confer and raise with the court any impact efforts to obtain such discovery may have on the schedule.

The case involves a larger percent of documents which need to be translated to English. This may create situations where more than seven hours is needed to depose a witness. The parties have agreed to cooperate when these issues arise.

**XI.    Magistrate**

The parties do not wish to have a Magistrate judge preside.

Dated:  October 14, 2019                    DENTONS US LLP


By:   _/s/ Jae K. Park_
        Jae K. Park
        William T. O'Brien
        John W. Lomas, Jr.

Attorneys for Plaintiff
PAVEL FUKS

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA  92121
(619) 236-1414

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

1

Dated:  October 14, 2019                HAMILTON LAW OFFICES

2

3

BY:  */s/John M. Hamilton*

4                                       John M. Hamilton

5                                       Attorneys for Defendant

6                                       YURI VANETIK

7                        **FILER'S ATTESTATION**

8

9        The undersigned attests that concurrence in the filing of this document was

10   obtained from all parties whose electronic signatures appear above.

11

12   Dated:  October 14, 2019                DENTONS US LLP

13

14   By:  */s/ Jae K. Park*

15                                       Jae K. Park
                                         William T. O'Brien
                                         John W. Lomas, Jr.

16                                       Attorneys for Plaintiff

17                                       PAVEL FUKS

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Jae K. Park, certify that I caused to be served upon the following counsel and parties of record a copy of the following document(s):

- **JOINT RULE 26(F) REPORT**

as indicated/listed on the United States District Court, Central District of California's CM/ECF registered email list in the above-referenced matter:

John M. Hamilton, Esq.                                   *Attorneys for Defendant*
Hamilton Law Offices
5757 W. Century Blvd., Suite 700
Los Angeles, CA 90045
Tel:  (424) 419-4028
Fax: (424) 419-4002
E-mail: jm_hamilton15@yahoo.com


Executed on **October 14, 2019,** in San Diego, California.


_____
*/s/ Jae K. Park*

US_Active\113438814\V-1

DENTONS US LLP
601 S FIGUEROA ST., SUITE 2500
LOS ANGELES, CA 90017
(213) 623-9300

CERTIFICATE OF SERVICE