1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| PLAINTIFF'S NAME, | Case No. 8:19-cv-1212- FLA (JDEx) |
|---|---|
| Plaintiff/s, | **FINAL PRETRIAL CONFERENCE ORDER** |
| v. | |
| DEFENDANT'S NAME, | Trial Date: April 13, 2021 |
| Defendant/s. | Final Pretrial Conference: April 2, 2021 |

45958141.3

# TABLE OF CONTENTS

| | | |
|---|---|---|
| 1. | THE PARTIES AND PLEADINGS | 3 |
| 2. | JURISDICTION | 3 |
| 3. | TRIAL DURATION | 3 |
| 4. | JURY TRIAL | 3 |
| 5. | ADMITTED FACTS | 4 |
| 6. | STIPULATED FACTS | 4 |
| 7. | PARTIES' CLAIMS AND DEFENSES | 4 |
| 8. | REMAINING TRIABLE ISSUES | 11 |
| 9. | DISCOVERY | 13 |
| 10. | DISCLOSURES AND EXHIBIT LIST | 13 |
| 11. | WITNESS LISTS | 13 |
| 12. | MOTIONS IN LIMINE | 14 |
| 13. | BIFURCATION | 14 |
| 14. | ADMISSIONS | 14 |

45958141.3

Given that (i) pursuant to Orders of the Chief Judge 21-002, 20-179, and 20-042, and General Orders 20-15, 20-09, and 20-05 the holding of jury trials in this Court has been for several months and continues to be suspended indefinitely; (ii) a Notice of Clerk issued on March 19, 2021, which provides that: "Until further notice, no jury trials will be conducted in civil cases; (iii) pursuant to that same Notice of Clerk, civil jury trials will not restart in this division until at least the week of May 10, 2021; and (iv) the challenges the parties are facing in preparing for trial due to the uncertainty over the schedule and procedures for trial in this matter in light of the ongoing COVID-19 situation, the Parties requested that the trial, Final Pre-Trial Conference, and deadlines for this proposed Joint Final Pre-Trial Order and other Pre-Trial submissions be continued at least four weeks.

Notwithstanding the submission of this proposed Joint Final Pre-Trial Order, the Parties respectfully maintain their request, and respectfully reserve the right to withdraw this proposed Joint Final Pre-Trial Order and should their request be granted, and to seek leave to amend.

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

### 1. THE PARTIES AND PLEADINGS

Plaintiff is Pavlo Fuks, a citizen of the foreign state of Ukraine.

Defendant is Yuri Vanetik, a citizen of the State of California.

### 2. JURISDICTION

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. § 1332(b), and venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b)(1).

### 3. TRIAL DURATION

The trial is estimated to take four days.

### 4. JURY TRIAL

The trial is to be by jury.

Plaintiff and Defendant shall serve and file "Unopposed/Agreed Upon Set of Jury Instructions and Verdict Forms" as well as the "Joint Statement re: Disputed Instructions and Verdicts" by no later than April 6, 2021.

Plaintiff shall testify by video-conference and through a translator.

**5.    ADMITTED FACTS**

The following facts are admitted and require no proof:

1. Defendant Yuri Vanetik is a resident of Orange County, California.
2. In a registration statement that Vanetik filed with the United States Department of Justice pursuant to the Foreign Agents Registration Act, Defendant Yuri Vanetik stated that he is a Management Consultant and Private Investor.
3. Plaintiff Pavlo Fuks met Defendant Yuri Vanetik in the spring of 2016. Defendant Vanetik was seeking to be retained by the city of Kharkiv to promote its interests in the United States, and claimed to be well connected politically in the United States.
4. Defendant Yuri Vanetik used Medowood Management, LLC for a FARA filing with the United States and identified himself as an advisor to the same.

**6.    STIPULATED FACTS**

None.

**7.    PARTIES' CLAIMS AND DEFENSES**

**Plaintiff's Claims:**

**(a)    Plaintiff plans to pursue the following claims against Defendant:**

**Claim 1:** Promissory Fraud

**Claim 2:** Intentional Misrepresentation

**Claim 3:** Breach of Contract

**Claim 4:** Conversion

**Claim 5:** Unjust Enrichment

-4-

45958141.3

**Claim 6:** Violation of Cal. B&P Code Section 17200 et seq., and in particular Section 17505.

**(b)     The elements required to establish Plaintiff's claims are:**

**Claim 1: Promissory Fraud**

1. That Defendant Vanetik made a promise to Plaintiff Fuks;

2. That Defendant Vanetik did not intend to perform this promise when he made it;

3. That Defendant Vanetik intended that Plaintiff Fuks rely on this promise;

4. That Plaintiff Fuks reasonably relied on Defendant Vanetik's promise;

5. That Defendant Vanetik did not perform the promised act;

6. That Plaintiff Fuks was harmed; and

7. That Plaintiff Fuks's reliance on Defendant Vanetik's promise was a substantial factor in causing his harm.

**Claim 2:** Intentional Misrepresentation

1. That Defendant Vanetik represented to Plaintiff Fuks that a fact was true;

2. That Defendant Vanetik's representation was false;

3. That Defendant Vanetik knew that the representation was false when he made it, or that he made the representation recklessly and without regard for its truth;

4. That Defendant Vanetik intended that Plaintiff Fuks rely on the representation;

5. That Plaintiff Fuks reasonably relied on Defendant Vanetik's representation;

6. That Plaintiff Fuks was harmed; and

7. That Plaintiff Fuks's reliance on Defendant Vanetik's representation was a substantial factor in causing him harm.

45958141.3

**Claim 3:** Breach of Contract

1. That a contract existed between Plaintiff Fuks and Defendant Vanetik;
2. That Plaintiff Fuks performed his obligations under the contract;
3. That Defendant Vanetik breached his obligations under the contract; and
4. That Defendant Vanetik's breach harmed Plaintiff Fuks.

**Claim 4:** Conversion

1. That Plaintiff Fuks has a right to a specified sum of money;
2. That Defendant Vanetik has unlawfully interfered with Plaintiff Fuks's right to the sum of money by refusing to return it after Plaintiff demanded its return;
3. That Plaintiff Fuks has not consented to Defendant Vanetik retaining the money; and
4. That Plaintiff Fuks was harmed by Defendant Vanetik's refusal to return the money.

**Claim 5:** Unjust Enrichment

1. That Defendant Vanetik received a benefit from Plaintiff Fuks; and
2. That Defendant Vanetik's retention of the benefit is an unjust and at Plaintiff Fuks's expense.

**Claim 6:** Violation of Cal. B&P Code Section 17200 et seq.,

1. That Defendant Vanetik misrepresented the character and nature of his business; and that
2. Plaintiff Fuks reasonably relied on Defendant Vanetik's misrepresentation about the character and nature of his business; and
3. That Plaintiff Fuks was harmed by his reliance on Defendant Vanetik's misrepresentation about the character and nature of his business.

    (c)    **The key evidence Plaintiff relies on for each claim is:**

45958141.3

**Claim 1:** Plaintiff's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; and a receipt for payment of funds.

**Claim 2:** Plaintiff's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; and a receipt for payment of funds.

**Claim 3:** Plaintiff's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; and a receipt for payment of funds.

**Claim 4:** Plaintiff's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; and a receipt for payment of funds.

**Claim 5:** Plaintiff's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; and a receipt for payment of funds.

**Claim 6:** Plaintiff's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; and a receipt for payment of funds.

**Defendant's Affirmative Defenses:**

(a) Defendant Yuri Vanetik plans to pursue the following affirmative defenses:

**Defense 1:   First Affirmative defense of Failure to state a claim.**

**Defense 2:   Second Affirmative defense of Unclean Hands**

**Defense 3:   Fifth Affirmative defense of Estoppel**

**Defense 4:   Eighth Affirmative defense of Consent**

**Defense 5:   Twelfth Affirmative defense of Release**

**Defense 6:   Fourteenth Affirmative Defense of Failure to Mitigate**

**Defense 7:   Sixteenth Affirmative Defense of No Reasonable Reliance**

**Defense 8:   Seventeenth Affirmative Defense of Standing**

**(b)     The elements required to establish Defendant's affirmative defenses are:**

**Defense 1:   First Affirmative Defense of Failure to State a Claim**

1. Defendant was not a party to the contract in issue.
2. Plaintiff was not a party to the contract in issue.
3. The defendant did not make any misrepresentations to the plaintiff regarding the contract at issue.

**Defense 2:Second Affirmative Defense of Unclean Hands**

1. At all times, plaintiff was aware of the program offered.
2. When plaintiff came to the United States he became abusive and refused to cooperate with the program presented.

**Defense 3: Fifth Affirmative Defense of Estoppel**

1. At all times, plaintiff was awaqre of the program offered and accepted it.
2. Plaintiff arrived in the United States and became abusive to defendant and left for a skiing trip in Colorado instead of attending the program.

**Defense 4: Fifth Affirmative defense of Consent**

1. At all times, plaintiff was aware of the program offered.
2. Plaintiff consented to the program offered.
3. When plaintiff arrived in the United States he was offered the exact program he consented to.

**Defense 5: Twelfth Affirmative Defense of Release**

1. At all times, plaintiff was aware of the program offered.
2. Plaintiff consented to the program offered.
3. Plaintiff's actions when he arrived in Washington, D.C. included not cooperating with Defendant and leaving to another state.

**Defense 6: Fourteenth Affirmative Defense of Failure to Mitigate.**

1. At all times, plaintiff was aware of the program offered.

-8-

45958141.3

2. Plaintiff arrived in Washington, D.C. and became belligerent, and refused to participate in any of the program that was offered.

**Defense 7: Sixteenth Affirmative Defense of No Reasonable Reliance**

1. At all times, plaintiff was aware of the program offered.
2. Plaintiff accepted the program offered.
3. Defendant did not make any misrepresentations to plaintiff regarding the program.

**Defense 8: Seventeenth Affirmative Defense of Standing.**

1. Defendant and Plaintiff were not parties to the contract at issue in this case.

**(c) In brief, the key evidence that Defendant Yuri Vanetik relies on for each affirmative defense is:**

1. **Defendant Yuri Vanetik's First Affirmative Defense of Failure to State a Claim For Relief**
   1. Defendant's testimony; testimony from defendant's witnesses; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program.

2. **Defendant Yuri Vanetik's Second Affirmative Defense of Unclean Hands**
   1. Defendant's testimony; testimony from defendant's witnesses: text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program offered.

45958141.3

**3. Defendant Yuri Vanetik's Fifth Affirmative Defense of Estoppel**

1. Defendant's testimony; testimony from defendant's witnesses; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program offered.

**4. Defendant Yuri Vanetik's Fifth Affirmative Defense of Consent**

1. Defendant's testimony; testimony from defendant's witnesses; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program offered.

**5. Defendant Yuri Vanetik's Twelfth Affirmative Defense of Release**

1. Defendant's testimony; testimony from defendant's witnesses; ext messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program offered.

**6. Defendant Yuri Vanetik's Fourteenth Affirmative Defense of Failure to Mitigate.**

1. Defendant's testimony; testimony from defendant's witnesses; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program offered.

45958141.3

**7.     Defendant Yuri Vanetik's Sixteenth Affirmative Defense of No Reasonable Reliance**

1. Defendant's testimony; testimony from defendant's witnesses; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program offered.

**8.     Defendant Yuri Vanetik's Seventeenth Affirmative Defense of Standing**

1. Defendant's testimony; testimony from defendant's witnesses; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program offered.

**8.     REMAINING TRIABLE ISSUES**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

**Claim 1:** Promissory Fraud

1. Whether Defendant Vanetik made a promise to Plaintiff Fuks.
2. Whether Defendant Vanetik did not intend to perform this promise when he made it.
3. Whether Defendant Vanetik intended that Plaintiff Fuks rely on this promise.
4. Whether Plaintiff Fuks reasonably relied on Defendant Vanetik's promise.
5. Whether Defendant Vanetik did not perform the promised act.
6. Whether Plaintiff Fuks was harmed.
7. Whether Plaintiff Fuks's reliance on Defendant Vanetik's promise was a substantial factor in causing his harm.

**Claim 2:** Intentional Misrepresentation

8. Whether Defendant Vanetik represented to Plaintiff Fuks that a fact was true.
9. Whether Defendant Vanetik's representation was false.
10. Whether Defendant Vanetik knew that the representation was false when he made it, or that he made the representation recklessly and without regard for its truth.
11. Whether Defendant Vanetik intended that Plaintiff Fuks rely on the representation.
12. Whether Plaintiff Fuks reasonably relied on Defendant Vanetik's representation.
13. Whether Plaintiff Fuks was harmed.
14. Whether Plaintiff Fuks's reliance on Defendant Vanetik's representation was a substantial factor in causing him harm.

**Claim 3:** Breach of Contract

15. Whether a contract existed between Plaintiff Fuks and Defendant Vanetik.
16. Whether Plaintiff Fuks performed his obligations under the contract.
17. Whether Defendant Vanetik breached his obligations under the contract.
18. Whether Defendant Vanetik's breach harmed Plaintiff Fuks.

**Claim 4:** Conversion

19. Whether Plaintiff Fuks has a right to a specified sum of money.
20. Whether Defendant Vanetik has unlawfully interfered with Plaintiff Fuks's right to the sum of money by refusing to return it after Plaintiff demanded its return.
21. Whether Plaintiff Fuks has not consented to Defendant Vanetik retaining the money.
22. Whether Plaintiff Fuks was harmed by Defendant Vanetik's refusal to return the money.

**Claim 5:** Unjust Enrichment

23. Whether Defendant Vanetik received a benefit from Plaintiff Fuks.
24. Whether Defendant Vanetik's retention of the benefit is an unjust and at Plaintiff Fuks's expense.

**Claim 6:** Violation of Cal. B&P Code Section 17200 et seq.,

25. Whether Defendant Vanetik misrepresented the character and nature of his business.
26. Whether Plaintiff Fuks reasonably relied on Defendant Vanetik's misrepresentation about the character and nature of his business.
27. Whether Plaintiff Fuks was harmed by his reliance on Defendant Vanetik's misrepresentation about the character and nature of his business.

## 9. DISCOVERY

All discovery is complete.

## 10. DISCLOSURES AND EXHIBIT LIST

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The parties' joint exhibit list has been filed under separate cover as required by L.R. 16-6.1 ("Joint Exhibit List").  In view of the volume of exhibits marked by each party, the parties have incorporated in the attached "Joint Exhibit List" all agreements regarding admitted exhibits.

## 11. WITNESS LISTS

Witness lists of the parties shall be filed with the court not later than April 6, 2021.

Only the witnesses identified on the lists will be permitted to testify (other than solely for impeachment).

**12.   MOTIONS IN LIMINE**

Motions in limine or law and motion matters shall be filed with the court no later than April 6, 2021. The parties have met and conferred on the motions in limine and do not yet contemplate filing any.

**13.   BIFURCATION**

No bifurcation of issues for trial is requested.

**14.   ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

IT IS SO ORDERED.

Dated:

                                             FERNANDO L. AENLLE-ROCHA
                                             United States District Judge

Approved as to form and content:

Dated:                                               Counsel for Plaintiff

                                             By: _____
                                                 Counsel for Plaintiff

Dated:                                               Counsel for Defendant

                                             By: _____
                                                 Counsel for Defendant

45958141.3