**JOHN M. HAMILTON (State Bar No. 155381)**
**HAMILTON LAW OFFICES**
5757 W. Century Blvd., Suite 700
Los Angeles, CA 90045
Phone: (424) 419-4028
Facsimile: (424) 419-4002
Email: jm_hamilton15@yahoo.com

Attorneys for defendant Yuri Vanetik

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEL FUKS, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>YURI VANETIK, an individual,<br><br>　　　　　Defendants. | CASE NO.: 8:19-cv-1212- FLA (JDEx)<br><br>**DEFENDANT YURI VANETIK'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>**[Local Rule 16-4]**<br><br>**Pre-trial Conference:**<br>Date: May 28, 2021<br>Time: 3:00 p.m.<br>Ctrm: 6b<br><br>Trial: June 8, 2021<br>Time: 8:30 a.m.<br>Ctrm: 6b |

1

Defendant Yuri Vanetik, hereby submits his Memorandum of Contentions of Fact and Law in the above-referenced matter:

## I. DEFENDANT YURI VANETIK'S FACTUAL CONTENTIONS

Defendant Yuri Vanetik's factual contentions, and what the evidence at trial will show, are in essence as follows:

### A. Summary of Facts

Plaintiff Pavel Fuks ("Fuks") is a notorious underworld figure who is currently hiding in Ukraine to avoid an arrest warrant issued by Russia. Sometime in 2016, he contracted with a company owned by Yuri Vanetik ("Vanetik") to attend a package of events for the 2017 presidential inauguration. A company associated with Fuks wired $200,000 to pay for the package and to also pay Vanetik for previous consulting work. Various texts were exchanged between Fuks and Vanetik regarding the events he was scheduled to attend.

When Fuks belatedly arrived in Washington, D.C., things began to fall apart. He did not arrive when scheduled and failed to communicate. When Fuks arrived he became extremely hostile and made threats of violence directed towards Vanetik and anyone affiliated with him. Fuks was explicitly told that he would not be meeting with the newly elected president prior to arriving in the United States. However, when he was again informed of this after arriving, he flew into a rage.

Fuks did not pay for Inaugural events but requested that payment made for Vanetik's consulting work serve as interim payment for inaugural events, and then after accepting services and the private inaugural program demanded that Vanetik return funds to him. The program scheduled for Fuks was modified to include private events only as no one wanted to invite Fuks as a guest to an official gala, which was just one of multiple events that Fuks accepted, but did not attend, as he only came in for one day. Vanetik had paid a significant amount of the money he received to a public relations firm in Washington, D. C. to set up the program for Fuks. Therefore, there was no money to be refunded.

After staying for one day in Washington, D.C., Fuks flew to Apen, Colorado

and went skiing. Thereafter, Fuks continued to harass and threaten Vanetik with physical violence. Fuks now claims that the United States has banned him from entry for a period of five years. It appears that Fuks sordid past finally caught up with him.

    The evidence at trial will show, that:
  a) Yuri Vanetik did not personally enter into any contracts with plaintiff regarding inaugural events.
  b) Plaintiff did not communicate with Vanetik or the government relations firm Vanetik referred him to.
  c) Fuks arrived late in Washington, D.C. and left after only one day.
  d) Yuri Vanetik did not tell plaintiff that he would meet with the president.
  e) The payment of $200,000 from BEM Global was for past consulting work defendant did for plaintiff.
  f) Fuks was emailed a program of events scheduled for him and never objected.

## II.   DEFENDANT YURI VANETIK'S CONTENTIONS OF LAW REGARDING PLAINTIFF'S COMPLAINT

  A. Plaintiff's complaint contains the following six claims against defendant Yuri Vanetik:

    Claim 1: Defendant made a false promise to plaintiff regarding the inauguration.

    Claim 2: Defendant made an intentional misrepresentation to the plaintiff regarding the inauguration.

    Claim 3: Defendant breached a contract he entered into with plaintiff.

    Claim 4: Defendant converted money owned by plaintiff.

    Claim 5: Defendant has unjustly kept money owned by plaintiff

    Claim 6: Defendant engaged in unlawful business acts.

B. **Elements Required to Establish Plaintiff's claim of Promissory Fraud,**
   1. Defendant made a promise to plaintiff.
   2. Defendant did not intend to keep the promise.
   3. Plaintiff suffered damages.

   **Elements Required to Establish Plaintiff's claim for Intentional Misrepresentation.**
   1. Defendant made a representation to plaintiff regarding the inauguration.
   2. Defendant knew the representation was false.
   3. Plaintiff suffered damages.

   **Elements Required to Establish Plaintiff's claim for Breach of Contract**
   1. Defendant entered into a contract with plaintiff.
   2. Defendant breached the terms of the contract.
   3. Plaintiff suffered damages.

   **Elements Required to Establish Plaintiff's claim for Conversion**
   1. Plaintiff provided his personal money to the defendant.
   2. Plaintiff demanded return of the money.
   3. Defendant retained the money.

   **Elements Required to Establish Plaintiff's Claim for Unjust Enrichment**
   1. Plaintiff provided his personal money to defendant.
   2. Plaintiff demanded return of the money.
   3. Defendant retained the money.

   **Elements Required to Establish Plaintiff's Claim for Unlawful Business Practices**
   1. Defendant engaged in business practices.
   2. Defendant made misrepresentations to Plaintiff.
   3. Plaintiff was harmed.

C. **Defendant's Evidence Against Plaintiff's Claim For Promissory Fraud**
   1. Defendant did not make any false promises to plaintiff regarding the inauguration.

2. Plaintiff was aware of the program planned for him.
3. Defendant performed any promise he made to plaintiff.
4. Plaintiff arrived in D.C. late and then left to go skiing after one day.

**Defendant's evidence Against Plaintiff's Claim for Intentional Misrepresentation.**

1. Defendant did not promise Plaintiff a VIP packaged for the 2017 U. S. presidential inauguration.
2. Plaintiff was aware of the package offered to him.
3. Defendant made no false or misleading statement to plaintiff.

**Defendant's Evidence Against Plaintiff's Claim for Breach of Contract**

1. Defendant did not enter into a written or oral agreement with Plaintiff.
2. The $200,000 was paid by BEM Global to another business.
3. The $200,000 was paid for past consulting work.
4. Defendant offered the plaintiff a program, but plaintiff arrived late and left town after only one day.

**Defendant's Evidence Against Plaintiff's Claim for Conversion**

1. Defendant did not personally receive the money which was wired.
2. A sizeable amount of the money was used to hire a personal relations company in Washington, D.C.
3. Defendant performed and had a program for plaintiff.

**Defendant's Evidence Against Plaintiff's Claim for Unjust Enrichment.**

1. Defendant did not personally receive the money that was wired.
2. A sizeable amount of the money was used to hire a personal relations company in Washington, D.C.
3. Defendant performed and had a program for plaintiff.

**Defendant's Evidence Against Plaintiff's Claim for Unfair Business Practices**

1. Defendant did not make a misrepresentation to plaintiff.
2. Plaintiff was always aware of the program being offered.

3. Plaintiff arrived late and left after a day.

E. **Defendant's Answer Contains The Following Affirmative Defenses.**

First Affirmative Defense: The Complaint and each and every claim therein, fails to state a claim upon which relief may be granted. The requisite elements for the claim are not present and/or have not been properly pled.

Second Affirmative Defense: The plaintiff's claim should be barred by the doctrine of unclean hands.

Third Affirmative Defense: The plaintiff unreasonably delayed in filing the instant action, and thus Plaintiff's claim should be barred by the doctrine of laches.

Fourth Affirmative Defense: Plaintiff's conduct was a superseding or intervening cause of any damage, loss or injury allegedly sustained by Plaintiff.

Fifth Affirmative Defense: Plaintiff's claims are barred by the doctrine of estoppel

Sixth Affirmative Defense: Plaintiff's claims are barred by the applicable statutes of limitations, including two years for an oral contract.

Seventh Affirmative Defense: Plaintiff's state law claims are preempted by federal law.

Eighth Affirmative Defense: Plaintiff consented to the Defendant's alleged conduct and was always aware of the program being offered.

Ninth Affirmative Defense: The Complaint, and each claim contained therein, fails to allege facts sufficient to recover punitive damages.

Tenth Affirmative Defense: Defendant alleges that he is not liable to Plaintiff because any alleged misrepresentations or omissions for which he is allegedly responsible were not material. Defendant did not make any misrepresentations to the plaintiff.

Eleventh Affirmative Defense: Defendant alleges that Plaintiff's claimed damages, if any, are so speculative and uncertain as to deny Plaintiff any recovery.

Twelfth Affirmative Defense: Defendant alleges that Plaintiff has

engaged in conduct and activities sufficient to constitute a release of any alleged breach of duty, or other conduct, if any, and has thereby waived and relinquished any right to recovery sought in the Complaint. Defendant arrived late and left after one day.

Thirteenth Affirmative Defense: Any alleged conduct by Defendant complained of by Plaintiff was, and is, undertaken in good faith for legitimate business reasons.

Fourteenth Affirmative Defense: Plaintiff has failed to mitigate any damages he purports to have suffered. Defendant left after one day.

Fifteenth Affirmative Defense: Plaintiff's complaint is barred in whole or in part by his own acquiescence. Plaintiff was aware of and approved the program being offered.

Sixteenth Affirmative Defense: Defendant alleges that he is not liable to Plaintiff because any alleged misrepresentations or omissions the Plaintiff did not reasonably rely upon. Plaintiff was always aware of the program which was being offered.

Seventeenth Affirmative Defense: Defendant is informed and believes and thereupon alleges that Plaintiff lacks standing to assert the claims alleged in the Complaint. Plaintiff and defendant did not enter into a contracts.

E.   **Elements Required to Establish Defendant's Affirmative Defense of Unclean Hands**
1. Plaintiff arrived a day late for the program.
2. Plaintiff only stayed for one day.
3. Plaintiff because abusive and threatened the life of defendant.

**Elements Required to Establish Defendant's Affirmative Defense of Laches**
1. The events happened in 2016.
2. Plaintiff waited until 2019 to file a lawsuit.

**Elements Required to Establish Defendant's Affirmative Defense of Superseding Cause**

1. Defendant did not cause plaintiff any damages.
2. Third parties, including defendant, cause any damage he claims he suffered.

**Elements Required to Establish Defendant's Affirmative Defense of Estoppel**

1. Plaintiff agreed to the program he was offered.
2. Plaintiff appeared late and left after one day.

**Elements Required to Establish Defendant's Affirmative Defense of Statute of Limitations**

1. The events in the complaint occurred over two years before the complaint was filed.
2. Plaintiff cannot proceed with his cause of action for breach of oral contract.

**Elements Required to Establish Defendant's Affirmative Defense of Consent**

1. Plaintiff agreed to the program offered.
2. Plaintiff decided he did not like the program presented only after defendant paid a considerable amount of money to a public relations firm.

**Elements Required to Establish Defendant's Affirmative Defense of Non-entitlement to punitive damages**

1. Plaintiff and defendant did not enter into any contracts.
2. Even if they did, a breach of contract claim will not support a punitive damage claim.

**Elements Required to Establish Defendant's Affirmative Defense of Not Material**

1. Any representations the defendant made did not cause the plaintiff to show up late and leave after a day.

**Elements Required to Establish Defendant's Affirmative Defense of Release**

1. Plaintiffs abuse and death threats to plaintiff released plaintiff from all obligations.

**Elements Required to Establish Defendant's Affirmative Defense of Good Faith**

1. At all times, defendant acted in good faith.

**Elements Required to Establish Defendant's Affirmative Defense of Failure to Mitigate**

1. Plaintiff arrived late and left after one day to go skiing.
2. He choose not to attend any events offered.

**Elements Required to Establish Defendant's Affirmative Defense of Acquiescence**

1. Defendant accepted the program offer to him.

**Elements Required to Establish Defendant's Affirmative Defense of No Reasonable Reliance**

1. Defendant did not make any misrepresentations to plaintiff.
2. Plaintiff did not rely on plaintiff's statements.
3. Plaintiff arrived late became abusive and threatened defendants life.

**Elements Required to Establish Defendant's Affirmative Defense of Standing**

1. Plaintiff and defendant did not enter into any contracts.
2. Plaintiff cannot sue defendant for breach of contract if no contracts exist.

F. **Description of Evidence Supporting Defendant's Affirmative Defense of Unclean Hands**

1. Plaintiff arrived late to Washington, D.C. and left after one day to go skiing.
2. When he arrived, plaintiff became abusive to defendant and threatened his life.

9

**Description of Evidence Supporting Defendant's Affirmative Defense of Laches**

1. The events in the complaint occurred in 2016.
2. Plaintiff waited until June 2019 to file the complaint.

**Description of Evidence Supporting Defendant's Affirmative Defense of Superseding Cause**

1. Plaintiff refused to attend the program he was given by the Defendant.
2. Plaintiff had previously accepted the program.

**Description of Evidence Supporting Defendant's Affirmative Defense of Estoppel**

1. Plaintiff arrived late and left after one day to go skiing.
2. Plaintiff refused to attend the program provided.
3. Plaintiff became abusive and threatened the defendant's life.

**Description of Evidence Supporting Defendant's Affirmative Defense of Statutes of Limitations**

1. The events in the complaint occurred in 2016.
2. Plaintiff did not file the complaint until June 2019.
3. The statute of limitations for oral contracts is two years.

**Description of Evidence Supporting Defendant's Affirmative Defense of Consent**

1. Emails and texts will show that the plaintiff accepted the program provided.

**Description of Evidence Supporting Defendant's Affirmative Defense of Non-entitlement to Punitive Damages**

1. Plaintiff show up late and left after one day.
2. Plaintiff became abusive and threatened defendant's life.
3. Defendant did not make any misrepresentations to Plaintiff.

**Description of Evidence Supporting Defendant's Affirmative Defense of Not Material**

1. Defendant did not make any misrepresentations to Plaintiff.

**Description of Evidence Supporting Defendant's Affirmative Defense of Release**

1. Plaintiff arrived late and left after one day.
2. Plaintiff became abusive and threatened defendant's life.

**Description of Evidence Supporting Defendant's Affirmative Defense of Good Faith**

1. Defendant presented plaintiff with a program, which plaintiff accepted.
2. Defendant was willing to move forward with the progam, but plaintiff's actions prevented it.

**Description of Evidence Supporting Defendant's Affirmative Defense of Failure to Mitigate**

1. Plaintiff arrived late and left after one day to go skiing.
2. Plaintiff chose not to attend events on the program.

**Description of Evidence Supporting Defendant's Affirmative Defense of Acquiescence**

1. Plaintiff agreed to the program defendant presented to him.

**Description of Evidence Supporting Defendant's Affirmative Defense of No Reasonable Reliance**

1. Plaintiff did no rely on any statements made by the defendant.
2. Defendant arrived late and left after one day to go skiing.

**Description of Evidence Supporting Defendant's Affirmative Defense of Standing**

1. Plaintiff and defendant did not enter in any contracts.
2. Plaintiff cannot sue defendant if there is no valid contract between them.

### III. BIFURCATION OF ISSUES

The defendant does not request to bifurcate issues.

### III. JURY TRIAL

Both Plaintiff and Defendant request a jury trial herein as to all issues.

### IV. ATTORNEYS' FEES

Plaintiff is requesting attorneys' fees in his prayer, but does not mention any contract or statute. If defendant prevails, he will seek attorneys' fees under the rules of reciprocity.

### V. ABANDONMENT OF ISSUES

Defendant will not argue his first, seventh, eleventh, and eighteenth affirmative defenses at trial herein.

DATED: April 30, 2021            Respectfully submitted,

                                 HAMILTON LAW OFFICES

                                 /s/John M. Hamilton
                                 John M. Hamilton
                                 Attorneys for Defendant Yuri Vanetik