JOSEPH R. ASHBY (SBN 248579)
joseph@ashbylawfirm.com
ASHBY LAW FIRM P.C.
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone: (213) 232-3810
Facsimile: (213) 429-0976

WILLIAM T. O'BRIEN (*admitted pro hac vice*)
williamobrien@eversheds-sutherland.us
JOHN W. LOMAS, JR. (*admitted pro hac vice*)
johnlomas@eversheds-sutherland.us
EVERSHEDS SUTHERLAND (US) LLP
700 6th St NW
Washington, DC  20001
Telephone: (202) 220-8049
Facsimile: (202) 637-3593

Attorneys for Plaintiff

JOHN M. HAMILTON (SBN 155381)
jm_hamilton15@yahoo.com
HAMILTON LAW OFFICES
5757 W. Century Blvd., Suite 700
Los Angeles, CA 90045
Phone: (424) 419-4028
Facsimile: (424) 419-4002

Attorney for Defendant Yuri Vanetik

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEL FUKS,<br><br>                Plaintiff,<br><br>v.<br><br>YURI VANETIK<br><br>                Defendant. | Case No. 8:19-cv-1212- FLA (JDEx)<br><br>**FINAL PRETRIAL CONFERENCE ORDER**<br><br>Trial Date: June 8, 2021<br><br>Final Pretrial Conference: May 29, 2021 |

# TABLE OF CONTENTS

1. THE PARTIES AND PLEADINGS ................................................................3
2. JURISDICTION ............................................................................................3
3. TRIAL DURATION ......................................................................................3
4. JURY TRIAL ................................................................................................3
5. ADMITTED FACTS .....................................................................................3
6. STIPULATED FACTS ..................................................................................4
7. PARTIES' CLAIMS AND DEFENSES ........................................................4
8. REMAINING TRIABLE ISSUES ...............................................................10
9. DISCOVERY ...............................................................................................12
10. DISCLOSURES AND EXHIBIT LIST .......................................................12
11. WITNESS LISTS ........................................................................................12
12. MOTIONS IN LIMINE ...............................................................................12
13. BIFURCATION ...........................................................................................12
14. ADMISSIONS .............................................................................................13

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

### 1. THE PARTIES AND PLEADINGS

Plaintiff is Pavlo Fuks, a citizen of the foreign state of Ukraine.

Defendant is Yuri Vanetik, a citizen of the State of California.

### 2. JURISDICTION

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. § 1332(b), and venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b)(1).

### 3. TRIAL DURATION

The trial is estimated to take four days.

### 4. JURY TRIAL

The trial is to be by jury.

Plaintiff shall testify by video-conference and through a translator.

### 5. ADMITTED FACTS

The following facts are admitted and require no proof:

1. Defendant Yuri Vanetik is a resident of Orange County, California.
2. In a registration statement that Vanetik filed with the United States Department of Justice pursuant to the Foreign Agents Registration Act, Defendant Yuri Vanetik stated that he is a Management Consultant and Private Investor.
3. Plaintiff Pavlo Fuks met Defendant Yuri Vanetik in the spring of 2016. Defendant Vanetik was seeking to be retained by the city of Kharkiv to promote its interests in the United States, and claimed to be well connected politically in the United States.
4. Defendant Yuri Vanetik used Medowood Management, LLC for a FARA filing with the United States and identified himself as an advisor to the same.

**6.     STIPULATED FACTS**

None.

**7.     PARTIES' CLAIMS AND DEFENSES**

**Plaintiff's Claims:**

(a)     **Plaintiff plans to pursue the following claims against Defendant:**

    **Claim 1:** Promissory Fraud

    **Claim 2:** Intentional Misrepresentation

    **Claim 3:** Breach of Contract

    **Claim 4:** Conversion

    **Claim 5:** Unjust Enrichment

    **Claim 6:** Violation of Cal. B&P Code Section 17200 et seq., and in particular Section 17505.

(b)     **The elements required to establish Plaintiff's claims are:**

    **Claim 1: Promissory Fraud**

    1. That Defendant Vanetik made a promise to Plaintiff Fuks;

    2. That Defendant Vanetik did not intend to perform this promise when he made it;

    3. That Defendant Vanetik intended that Plaintiff Fuks rely on this promise;

    4. That Plaintiff Fuks reasonably relied on Defendant Vanetik's promise;

    5. That Defendant Vanetik did not perform the promised act;

    6. That Plaintiff Fuks was harmed; and

    7. That Plaintiff Fuks's reliance on Defendant Vanetik's promise was a substantial factor in causing his harm.

    **Claim 2:** Intentional Misrepresentation

    1. That Defendant Vanetik represented to Plaintiff Fuks that a fact was true;

    2. That Defendant Vanetik's representation was false;

      3. That Defendant Vanetik knew that the representation was false when he made it, or that he made the representation recklessly and without regard for its truth;

      4. That Defendant Vanetik intended that Plaintiff Fuks rely on the representation;

      5. That Plaintiff Fuks reasonably relied on Defendant Vanetik's representation;

      6. That Plaintiff Fuks was harmed; and

      7. That Plaintiff Fuks's reliance on Defendant Vanetik's representation was a substantial factor in causing him harm.

**Claim 3:** Breach of Contract

1. That a contract existed between Plaintiff Fuks and Defendant Vanetik;
2. That Plaintiff Fuks performed his obligations under the contract;
3. That Defendant Vanetik breached his obligations under the contract; and
4. That Defendant Vanetik's breach harmed Plaintiff Fuks.

**Claim 4:** Conversion

1. That Plaintiff Fuks has a right to a specified sum of money;
2. That Defendant Vanetik has unlawfully interfered with Plaintiff Fuks's right to the sum of money by refusing to return it after Plaintiff demanded its return;
3. That Plaintiff Fuks has not consented to Defendant Vanetik retaining the money; and
4. That Plaintiff Fuks was harmed by Defendant Vanetik's refusal to return the money.

**Claim 5:** Unjust Enrichment

1. That Defendant Vanetik received a benefit from Plaintiff Fuks; and

2. That Defendant Vanetik's retention of the benefit is an unjust and at Plaintiff Fuks's expense.

**Claim 6:** Violation of Cal. B&P Code Section 17200 et seq.,

1. That Defendant Vanetik misrepresented the character and nature of his business; and that
2. Plaintiff Fuks reasonably relied on Defendant Vanetik's misrepresentation about the character and nature of his business; and
3. That Plaintiff Fuks was harmed by his reliance on Defendant Vanetik's misrepresentation about the character and nature of his business.

**(c)** **The key evidence Plaintiff relies on for each claim is:**

**Claim 1:** Plaintiff's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; and a receipt for payment of funds.

**Claim 2:** Plaintiff's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; and a receipt for payment of funds.

**Claim 3:** Plaintiff's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; and a receipt for payment of funds.

**Claim 4:** Plaintiff's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; and a receipt for payment of funds.

**Claim 5:** Plaintiff's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; and a receipt for payment of funds.

**Claim 6:** Plaintiff's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; and a receipt for payment of funds.

**Defendant's Affirmative Defenses:**

(a) Defendant Yuri Vanetik plans to pursue the following affirmative defenses:

**Defense 1:   First Affirmative defense of Failure to state a claim.**
**Defense 2:   Second Affirmative defense of Unclean Hands**
**Defense 3:   Fifth Affirmative defense of Estoppel**
**Defense 4:   Eighth Affirmative defense of Consent**
**Defense 5:   Twelfth Affirmative defense of Release**
**Defense 6:   Fourteenth Affirmative Defense of Failure to Mitigate**
**Defense 7:   Sixteenth Affirmative Defense of No Reasonable Reliance**
**Defense 8:   Seventeenth Affirmative Defense of Standing**

(b) The elements required to establish Defendant's affirmative defenses are:

**Defense 1:   First Affirmative Defense of Failure to State a Claim**

1. Defendant was not a party to the contract in issue.
2. Plaintiff was not a party to the contract in issue.
3. The defendant did not make any misrepresentations to the plaintiff regarding the contract at issue.

**Defense 2: Second Affirmative Defense of Unclean Hands**

1. At all times, plaintiff was aware of the program offered.
2. When plaintiff came to the United States he became abusive and refused to cooperate with the program presented.

**Defense 3: Fifth Affirmative Defense of Estoppel**

1. At all times, plaintiff was aware of the program offered and accepted it.

2. Plaintiff arrived in the United States and became abusive to defendant and left for a skiing trip in Colorado instead of attending the program.

**Defense 4: Fifth Affirmative defense of Consent**

1. At all times, plaintiff was aware of the program offered.
2. Plaintiff consented to the program offered.
3. When plaintiff arrived in the United States he was offered the exact program he consented to.

**Defense 5: Twelfth Affirmative Defense of Release**

1. At all times, plaintiff was aware of the program offered.
2. Plaintiff consented to the program offered.
3. Plaintiff's actions when he arrived in Washington, D.C. included not cooperating with Defendant and leaving to another state.

**Defense 6: Fourteenth Affirmative Defense of Failure to Mitigate.**

1. At all times, plaintiff was aware of the program offered.
2. Plaintiff arrived in Washington, D.C. and became belligerent, and refused to participate in any of the program that was offered.

**Defense 7: Sixteenth Affirmative Defense of No Reasonable Reliance**

1. At all times, plaintiff was aware of the program offered.
2. Plaintiff accepted the program offered.
3. Defendant did not make any misrepresentations to plaintiff regarding the program.

**Defense 8: Seventeenth Affirmative Defense of Standing.**

1. Defendant and Plaintiff were not parties to the contract at issue in this case.

**(c) In brief, the key evidence that Defendant Yuri Vanetik relies on for each affirmative defense is:**

1. **Defendant Yuri Vanetik's First Affirmative Defense of Failure to State a Claim For Relief**

- Defendant's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program.

2. **Defendant Yuri Vanetik's Second Affirmative Defense of Unclean Hands**

- Defendant's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program offered.

3. **Defendant Yuri Vanetik's Fifth Affirmative Defense of Estoppel**

- Defendant's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program offered.

4. **Defendant Yuri Vanetik's Fifth Affirmative Defense of Consent**

- Defendant's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program offered.

5. **Defendant Yuri Vanetik's Twelfth Affirmative Defense of Release**

- Defendant's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program offered.

6. **Defendant Yuri Vanetik's Fourteenth Affirmative Defense of Failure to Mitigate.**

- Defendant's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program offered.

7. **Defendant Yuri Vanetik's Sixteenth Affirmative Defense of No Reasonable Reliance**

- Defendant's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program offered.

8. **Defendant Yuri Vanetik's Seventeenth Affirmative Defense of Standing**

- Defendant's testimony; text messages exchanged between Plaintiff and Defendant; email correspondence with an attached invoice; email from Defendant that sets forward the program offered.

8. **REMAINING TRIABLE ISSUES**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

**Claim 1:** Promissory Fraud

1. Whether Defendant Vanetik made a promise to Plaintiff Fuks.
2. Whether Defendant Vanetik did not intend to perform this promise when he made it.
3. Whether Defendant Vanetik intended that Plaintiff Fuks rely on this promise.
4. Whether Plaintiff Fuks reasonably relied on Defendant Vanetik's promise.
5. Whether Defendant Vanetik did not perform the promised act.
6. Whether Plaintiff Fuks was harmed.
7. Whether Plaintiff Fuks's reliance on Defendant Vanetik's promise was a substantial factor in causing his harm.

**Claim 2:** Intentional Misrepresentation

8. Whether Defendant Vanetik represented to Plaintiff Fuks that a fact was true.
9. Whether Defendant Vanetik's representation was false.
10. Whether Defendant Vanetik knew that the representation was false when he made it, or that he made the representation recklessly and without regard for its truth.
11. Whether Defendant Vanetik intended that Plaintiff Fuks rely on the representation.
12. Whether Plaintiff Fuks reasonably relied on Defendant Vanetik's representation.
13. Whether Plaintiff Fuks was harmed.
14. Whether Plaintiff Fuks's reliance on Defendant Vanetik's representation was a substantial factor in causing him harm.

**Claim 3:** Breach of Contract

15. Whether a contract existed between Plaintiff Fuks and Defendant Vanetik.
16. Whether Plaintiff Fuks performed his obligations under the contract.
17. Whether Defendant Vanetik breached his obligations under the contract.
18. Whether Defendant Vanetik's breach harmed Plaintiff Fuks.

**Claim 4:** Conversion

19. Whether Plaintiff Fuks has a right to a specified sum of money.
20. Whether Defendant Vanetik has unlawfully interfered with Plaintiff Fuks's right to the sum of money by refusing to return it after Plaintiff demanded its return.
21. Whether Plaintiff Fuks has not consented to Defendant Vanetik retaining the money.
22. Whether Plaintiff Fuks was harmed by Defendant Vanetik's refusal to return the money.

**Claim 5:** Unjust Enrichment

23. Whether Defendant Vanetik received a benefit from Plaintiff Fuks.
24. Whether Defendant Vanetik's retention of the benefit is an unjust and at Plaintiff Fuks's expense.

**Claim 6:** Violation of Cal. B&P Code Section 17200 et seq.,

25. Whether Defendant Vanetik misrepresented the character and nature of his business.
26. Whether Plaintiff Fuks reasonably relied on Defendant Vanetik's misrepresentation about the character and nature of his business.
27. Whether Plaintiff Fuks was harmed by his reliance on Defendant Vanetik's misrepresentation about the character and nature of his business.

## 9. DISCOVERY

All discovery is complete.

## 10. DISCLOSURES AND EXHIBIT LIST

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The parties' joint exhibit list was filed on March 22, 2021 under separate cover as required by L.R. 16-6.1 ("Joint Exhibit List").

## 11. WITNESS LISTS

The parties filed their witness lists on April 30, 2021.

Only the witnesses identified on the lists will be permitted to testify (other than solely for impeachment).

## 12. MOTIONS IN LIMINE

The motions in limine deadline was April 30, 2021 and the parties did not file any motions in limine.

## 13. BIFURCATION

No bifurcation of issues for trial is requested.

**14.   ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

IT IS SO ORDERED.

Dated:

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

Approved as to form and content:

Dated: May 14, 2021                    Counsel for Plaintiff

                                        By:  */s/ Joseph R. Ashby*
                                              Counsel for Plaintiff

Dated: May 14, 2021                    Counsel for Defendant

                                        By:  */s/ (with permission)*
                                              Counsel for Defendant

Pursuant to L-R 5-4.3.4(a)(2)(i), I, Joseph R. Ashby, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

                                              */s/ Joseph R. Ashby*